An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL
RIGHTS AS TO: V.H.W., A MINOR,

JOHNATHAN W.; AND MARIA L.,
Appellants,
vs.
CLARK COUNTY DEPARTMENT OF
FAMILY SERVICES,
Respondent.

No. 65293

**FILED**

JAN 30 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF REVERSAL

This is an appeal from a district court order terminating appellants' parental rights as to the minor child. Eighth Judicial District Court, Family Court Division, Clark County; Cynthia N. Giuliani, Judge.

### FACTUAL AND PROCEDURAL BACKGROUND

V.H.W. was removed from her teenage parents, appellants Jonathan W. and Maria L.'s care, after she suffered two skull fractures that appellants were unable to explain. Appellants insisted that one of Maria L.'s relatives caused the injuries.

Following the child's removal from the home, respondent Clark County Department of Family Services (DFS) filed an NRS Chapter 432B abuse and neglect petition alleging that appellants had abused V.H.W., but the petition was later amended and the allegation regarding abuse by appellants was withdrawn from the petition, which now provided that neither appellant had a reasonable explanation for the child's injuries. As part of the abuse and neglect proceeding, appellants were each provided with a case plan to complete before reunification with the child was possible. Under their respective case plans, appellants were required to attend V.H.W.'s medical appointments, attend parenting classes, maintain stable employment and housing, and complete a physical

15-03307

abuse risk assessment. Neither case plan required either appellant to explain the child's injuries.

The record reflects that appellants completed their case plans, including attending V.H.W.'s medical appointments and completing parenting classes. During this time, appellants consistently visited with V.H.W. twice weekly, and they had begun to exercise unsupervised overnight visitation. Consequently, DFS recommended maintaining the permanency plan of reunifying the child with appellants. The recommendation was presented to a domestic master for approval, but the master declined to approve the recommendation, and directed that the permanency plan be changed from reunification to termination of parental rights because neither appellant could explain V.H.W.'s injuries. Appellants objected to the master's recommendation and requested reunification, but that request was denied. A petition to terminate appellants' parental rights was then filed.

The termination petition was withdrawn, and there was no action on the abuse and neglect proceeding for several months, until DFS recommended to appellants and the district court that appellants undergo additional individual counseling. This recommendation was never agreed to by appellants in writing or approved by the court as required under NRS 128.0155. After appellants failed to comply with this recommendation, DFS again filed a petition to terminate appellants' parental rights alleging that termination was in V.H.W.'s best interest, and DFS contended that parental fault existed based on abandonment, neglect, unfitness, failure of parental adjustment, and a posed risk of harm to V.H.W. At the trial on the termination petition, appellants both testified that they had been pressured by DFS to explain the injuries, but that they were unable to do so. They both maintained, however, their

belief that one of Maria L.'s relatives caused the child's injuries. The child protective services investigator who investigated V.H.W.'s injuries also testified at the trial that she did not interview all of Maria L.'s relatives who had contact with the child at the time that she sustained the injuries.

Ultimately, the district court entered a written order granting the petition on the basis that terminating appellants' parental rights was in the child's best interest and that DFS had established by clear and convincing evidence parental fault based on neglect, unfitness, and failure of parental adjustment. In particular, the district court concluded that appellants had neglected V.H.W. and were unfit parents by reason of their faults or habits because they were unable to explain V.H.W.'s injuries and did not engage in the additional counseling. The district court, however, did not specify what faults or habits prevented appellants from providing proper parental care to V.H.W. The court did conclude that appellants' inability to explain V.H.W.'s injuries and their failure to engage in additional counseling demonstrated their inability to adjust to the circumstances that led to V.H.W.'s removal. The district court also concluded that although there was no evidence that appellants caused V.H.W.'s injuries, there was evidence that appellants "had lived with one set of relatives at the time of the older injury, and with another set of relatives at the time of the more recent injury." Appellants now appeal from that order and contend that substantial evidence does not support the district court's finding that the state established parental fault or that termination was in the child's best interest.

## DISCUSSION

To terminate parental rights, a petitioner must prove by clear and convincing evidence that termination is in the child's best interest *and* that parental fault exists. *See In re Parental Rights as to A.J.G.*, 122 Nev.

1418, 1423, 148 P.3d 759, 762 (2006); *see also* NRS 128.105 (requiring that before parental rights can be terminated, the State must establish *both* parental fault and that termination of parental rights is in the child's best interest). Because the termination of parental rights "is an exercise of awesome power that is tantamount to imposition of a civil death penalty," a district court's order terminating parental rights is subject to close scrutiny. *Id.* at 1423, 148 P.3d at 763 (internal quotation omitted). This court reviews a district court's decision to terminate parental rights for an abuse of discretion and will uphold a termination order only if the district court's factual findings that the termination is in the child's best interest and that parental fault exists are supported by substantial evidence. *Id.* Having considered the parties' arguments and the record on appeal, we conclude that substantial evidence does not support the district court's order granting the petition to terminate appellants' parental rights. *Id.*

In regards to parental fault, the district court relied on appellants' failure to complete the additional recommended counseling as an element of each of the parental fault findings, even though that counseling recommendation was never included in appellants' case plans approved by the court. The district court also relied on appellants' inability to explain the child's injuries as an element of each of the parental fault findings.

NRS 128.0155 defines a case plan as either (1) a written agreement between the parents and the agency having custody of the child, or (2) written conditions and obligations imposed upon the parents by the court with the objective of reuniting the family. Here, appellants completed the case plans provided by DFS and approved by the district court. Appellants never agreed to the additional counseling, nor had the district court approved DFS's recommendation for additional counseling as

an obligation that appellants were required to meet before reunification was possible. Appellants were never required as part of their case plans to explain the child's injuries.[1] *Champagne v. Welfare Div.*, 100 Nev. 640, 652, 691 P.2d 849, 857 (1984) (providing that "[t]he parent cannot be judged unsuitable by reason of failure to comply with requirements and plans that are unclear or have not been communicated to the parent"), *overruled on other grounds by In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 8 P.3d 126 (2000).

More importantly, however, the burden was on DFS to establish, by clear and convincing evidence, that appellants' inability to explain the child's injuries, independent of additional circumstances, amounted to neglect, unfitness, or failure of parental adjustment, especially in light of the fact that appellants complied with all of the court-approved case plan requirements intended to address any parental fault issues. *See Champagne*, 100 Nev. at 648, 691 P.2d at 854 (providing that "[b]ecause of the sacredness of parental rights a higher standard of proof, that of 'at least clear and convincing evidence,' is required before [a child] can be judicially taken away" (internal quotation omitted)). But, DFS failed to meet this burden because DFS did not allege that appellants abused V.H.W., DFS failed to interview all of the relatives appellants were living with at the time V.H.W. suffered the injuries, appellants complied with their case plans, and they successfully exercised unsupervised

---

[1]Jonathan also contends that any requirement that he admit to causing the child's injuries as a condition of reunification violates his Fifth Amendment right against self-incrimination. DFS points out, however, that it stipulated that any statements made during the course of treatment could not be used against appellants in any criminal proceeding.

visitation. Thus, we conclude that substantial evidence does not support the district court's conclusion that DFS established by clear and convincing evidence that appellants' failure to undergo the additional recommended counseling or their failure to explain the child's injuries established parental fault. *Parental Rights as to A.J.G.*, 122 Nev. at 1423, 148 P.3d at 762.

Because substantial evidence does not support the district court's conclusion that DFS established parental fault, we do not need to reach the issue of whether the termination of appellants' parental rights was in V.H.W.'s best interest. NRS 128.105.

For the reasons discussed above, we conclude that the district court abused its discretion in granting the petition to terminate appellants' parental rights as to the child and we order the judgment of the district court reversed. We are confident that reunification of this family will be swift and that the district court will take the utmost care to create a safety plan to ensure the child's well-being.

It is so ORDERED.

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                                          Cherry

cc:  Hon. Cynthia N. Giuliani, District Judge
     Special Public Defender
     Stephanie M. Keels
     Clark County District Attorney/Juvenile Division
     Eighth District Court Clerk